IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| IN THE MATTER OF COURT APPROVAL OF CONFIDENTIAL SETTLEMENT ON BEHALF OF J.R., A MINOR | ORDER<br><br>17-cv-277-jdp |

---

United Air Lines, Inc. petitions the court to approve a proposed settlement involving J.R., a minor. Dkt. 1. I appointed attorney Bruce D. Huibregtse to serve as guardian ad litem to J.R. I held a hearing on May 4, 2017, to discuss the proposed settlement agreement and the terms of the trust that will hold the settlement proceeds.

Based on the information provided at the hearing, my own review of the settlement, and Mr. Huibregtse opinion, I am satisfied that: J.R.'s parents acted in his best interest in negotiating the settlement; Mr. Huibregtse diligently assessed J.R.'s claim before recommending the proposed settlement; it is in J.R's best interest to settle his claim; and the settlement amount is fair and reasonable. Accordingly, at the hearing, I authorized Mr. Huibregtse to execute the settlement agreement on J.R.'s behalf.

The court also inquired about the terms of the trust that will hold the settlement proceeds for J.R. I am satisfied that the trust, in general, is in J.R.'s interests, and that the individual trustee is suitable. But before I approve the trust and enter a final order closing the case, I will ask Mr. Huibregtse to answer the following questions:

> (1) What authority allows the trust—which holds J.R.'s personal injury settlement—to restrain J.R.'s access to the trust assets after he reaches the age of 18?

(2) Does the trust require that the investment adviser be a fiduciary, and if not, is J.R. adequately protected in light of the fact that the trustee may rely on the advices of the investment adviser without investigation?

(3) Given the restrictions in section 5.1, does the trust provide adequate authority to make discretionary disbursements to J.R. after he reaches the age of 18 for reasonable and responsible purposes that are in his best interests, such as the purchase of an interest in a business?

Once Mr. Huibregtse is prepared to address these matters, he should contact the court to schedule a brief telephonic hearing. The court expects these matters to be resolved before payment is due under the settlement agreement. The court will issue a final order once the trust is approved.

The matters discussed in court today involve health care provided to a minor and the minor's finances. Accordingly, it is appropriate to seal the transcript of the hearing.

ORDER

IT IS ORDERED that:

1. The transcript of the May 4, 2017 hearing is SEALED.

2. J.R.'s guardian ad litem will call and schedule a telephonic hearing when he is prepared to address the court's concerns, which hearing should occur no later than May 19, 2017.

Entered May 4, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge